# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**AUGUST 2023** **01895**

E-Filing Number: 2308038140

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| CHELSEA BROWN | WAL-MART STORES EAST, LP |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| 3823 MANAYUNK AVE<br>PHILADELPHIA PA 19128 | 100 CROSSINGS BLVD<br>ELVERSON, PA 19520 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| | MORGANTOWN CROSSINGS, LP |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| | 120 W. GERMANTOWN PL. STE 120<br>PLYMOUTH MEETING PA 19462 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| | WOLFSON GROUP HOLDINGS, LLC |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| | 120 W GERMANTOWN PIKE SUITE 120<br>PLYMOUTH MEETING PA 19462 |

TOTAL NUMBER OF PLAINTIFFS: 1

TOTAL NUMBER OF DEFENDANTS: 4

COMMENCEMENT OF ACTION
- [x] Complaint
- [ ] Petition Action
- [ ] Notice of Appeal
- [ ] Writ of Summons
- [ ] Transfer From Other Jurisdictions

AMOUNT IN CONTROVERSY
- [ ] $50,000.00 or less
- [x] More than $50,000.00

COURT PROGRAMS
- [ ] Arbitration
- [ ] Jury
- [x] Non-Jury
- [ ] Other:
- [ ] Mass Tort
- [ ] Savings Action
- [ ] Petition
- [ ] Commerce
- [ ] Minor Court Appeal
- [ ] Statutory Appeals
- [ ] Settlement
- [ ] Minors
- [ ] W/D/Survival

CASE TYPE AND CODE

2S - PREMISES LIABILITY, SLIP/FALL

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

FILED
PRO PROTHY

AUG 17 2023

G. IMPERATO

IS CASE SUBJECT TO COORDINATION ORDER?
YES NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: CHELSEA BROWN

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| MARC I. SIMON | SIMON & SIMON PC<br>18 CAMPUS BLVD<br>SUITE 100<br>NEWTOWN SQUARE PA 19073 |
| PHONE NUMBER: (215)467-4666<br>FAX NUMBER: (267)639-9006 | |
| **SUPREME COURT IDENTIFICATION NO.** | **E-MAIL ADDRESS** |
| 201798 | CourtFilingsPHL2@gosimon.com |
| **SIGNATURE OF FILING ATTORNEY OR PARTY** | **DATE SUBMITTED** |
| *MARC SIMON* | Thursday, August 17, 2023, 02:56 pm |

**COMPLETE LIST OF DEFENDANTS:**

1. WAL-MART STORES EAST, LP
   100 CROSSINGS BLVD
   ELVERSON, PA 19520
2. MORGANTOWN CROSSINGS, LP
   120 W. GERMANTOWN PL. STE 120
   PLYMOUTH MEETING PA 19462
3. WOLFSON GROUP HOLDINGS, LLC
   120 W GERMANTOWN PIKE SUITE 120
   PLYMOUTH MEETING PA 19462
4. WOLFSON GROUP INC.
   120 W. GERMANTOWN PL. STE 120
   PLYMOUTH MEETING PA 19462

THIS IS NOT AN ARBITRATION COMPLAINT
AN ASSESSMENT OF DAMAGES HEARING
IS REQUIRED

Filed and Attested by the
Office of Judicial Records
17 AUG 2023 02:56 pm
G. IMPERATO

**SIMON & SIMON, P.C.**
BY: Marc I. Simon, Esquire
Joshua A. Rosen, Esquire
Matthew J. Zamites, Esquire
Brian F. George, Esquire
Andrew Baron, Esquire
Joshua Baer, Esquire
Michael K. Simon, Esquire
Sam Reznik, Esquire
Mary G. McCarthy, Esquire
Harry Gosnear, Esquire
Daniel Ward, Esquire
Christopher Green, Esquire
Kane Daly, Esquire
Brittany Sturges, Esquire
Roman Galas, Esquire
Christopher Burruezo, Esquire
Anthony Canale, Esquire
Sam Gangemi, Esquire
Abigail Boyd, Esquire
Paraskevoula Mamounas, Esquire
Richard Santosusso, Esquire

Attorney ID No.'s:
*201798*

***Attorneys for Plaintiff***

18 Campus Blvd., Suite 100
Newtown Square, PA 19073
(215-467-4666)

| | |
|---|---|
| Chelsea Brown<br>3823 Manayunk Ave<br>Philadelphia Pa 19128<br>Plaintiff<br>vs.<br><br>Walmart Stores East, LP<br>100 Crossings Blvd<br>Elverson, PA 19520<br>And<br>Morgantown Crossings, LP<br>120 W. Germantown Pl. Ste 120<br>Plymouth Meeting, PA 19462<br>And<br>Wolfson Group Inc.<br>120 W. Germantown Pl. Ste 120<br>Plymouth Meeting, PA 19462<br>And<br>Wolfson Group Holdings, LLC<br>120 W. Germantown Pl. Ste 120<br>Plymouth Meeting, PA 19462<br>Defendants | IN THE COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>August Term 2023<br>No. |

# NOTICE TO DEFEND

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

**PHILADELPHIA BAR ASSOCIATION**
**LAWYER REFERRAL AND INFORMATION SERVICE**
**One Reading Center**
**Philadelphia Pennsylvania 19107**
**Telephone: (215) 238-6300**

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene viente (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

**ASOCIACIÓN DE LICENCIADOS DE FILADELFIA**
**SERVICIO DE REFERENCIA E INFORMACIÓN LEGAL**
**One Reading Center**
**Filadelfia, Pennsylvania 19107**
**Telefono: (215) 238-6300**

## COMPLAINT

1. Plaintiff, Chelsea Brown, is resident and citizen of the Commonwealth of Pennsylvania, residing at the address set forth in the caption of this Complaint.

2. Upon information and belief, Defendant, Walmart Stores East, LP, is a business entity in the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint and which at all times material hereto was the owner, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the property located at Walmart 100 Crossings Boulevard in Elverson, PA 19520.

3. Upon information and belief, Defendant, Morgantown Crossings, LP, is a business entity in the Commonwealth of Pennsylvania with a business address listed in the caption of this Complaint and which at all times material hereto was the owner, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the property located at Walmart 100 Crossings Boulevard in Elverson, PA 19520.

4. Upon information and belief, Defendant, Wolfson Group Inc., is a business entity in the Commonwealth of Pennsylvania with a business address listed in the caption of this Complaint and which at all times material hereto was the owner, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the property located at Walmart 100 Crossings Boulevard in Elverson, PA 19520.

5. Upon information and belief, Defendant, Wolfson Group Holdings, LLC, is a business entity in the Commonwealth of Pennsylvania with a business address listed in the caption of this Complaint and which at all times material hereto was the owner, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the property located at Walmart 100 Crossings Boulevard in Elverson, PA 19520.

6. At all times material hereto, Defendants were acting individually, jointly and/or by and through his agents, servants, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises located at Walmart 100 Crossings Boulevard in Elverson, PA 19520, collectively referred to hereinafter as "the premises."

7. On or about November 5, 2022, at approximately 7:00PM, Plaintiff was a business invitee, licensee and/or otherwise legally on Defendants' premises.

8. At all times relevant hereto, Defendants, individually, jointly and/or through their agents, servants, franchisees, workmen and/or employees, had a duty to keep and maintain the aforesaid premises in a reasonably safe condition for those persons lawfully thereon, including Plaintiff.

9. On or about November 5, 2022, while on Defendants' premises, Plaintiff was caused to trip and fall on loose gravel in a shallow hole in the parking lot, which was a defect/dangerous condition in/on/of the parking lot,, on the premises, causing serious and permanent personal injuries on account of which this action is brought.

10. At or about the same date, time and place in question, and for some period of time prior thereto, Defendants, acting individually, jointly and/or by and through their agents, servants, franchisees, workmen and/or employees, negligently and/or carelessly allowed and permitted dangerous and unsafe conditions to exist, including but not limited to, the conditions which directly resulted in the Plaintiff's injuries.

**<u>COUNT I</u>**
**Chelsea Brown v Walmart Stores East, LP**
**Personal Injury – Negligence**

11. The negligence and/or carelessness of the Defendant, individually, jointly and/or through its agents, servants, franchisees, workmen and/or employees, which was the direct and sole cause of the

Plaintiff falling, and the resulting injuries suffered by the Plaintiff, consisted of, but is not limited to, the following:

a. Failure to design, construct, maintain, and/or repair the premises, parking lot, pathways, walkways, and/or other areas on the premises, over which invitees, licensees and/or others are likely to travel, rendering the premises unsafe;

b. Failure to properly monitor, test, inspect or clean the premises, parking lot pathways, walkways, and/or other areas on the premises, to see if there were dangerous or defective conditions to those legally on the premises;

c. Failure to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the premises, parking lot pathways, walkways, and/or other areas on the premises, to such invitees, licensees and/or others legally on the premises;

d. Failure to barricade and/or block-off the defective and/or dangerous area of the premises, parking lot pathways, walkways, and/or other areas on the premises;

e. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises, parking lot pathways, walkways, and/or other areas on the premises;

f. Failure to comply with all building codes, county, township, and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g. Failing to exercise the proper care, custody and control over the aforesaid premises;

h. Failure to inspect, maintain and/or repair known and/or unknown defects; and,

i. Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

j. Failure to repair the premises, parking lot pathways, walkways, and/or other areas on the premises;

k. Failing to prevent, detect, inspect, cure and/or warn of the presence of defective and poorly maintained parking lot pathways, walkways, which the Defendant improperly permitted to exist and remain on the premises;

l. Failing to prevent, detect, inspect, cure and/or warn of the presence of defective and poorly maintained parking lot, so as to cause unreasonable risk of harm to pedestrians on the premises; and

m. Failing to properly and adequately repair the parking lot on the “premises” in accordance with Philadelphia Code, other applicable codes and regulations, the common law, and/or their respective contractual responsibilities.

12. Upon information and belief, Defendant had specific knowledge of an ongoing problem with the parking lot of the premises where Plaintiff fell.

13. The negligence and/or carelessness of the Defendant was the direct and sole cause of the poorly maintained parking lot on the premises, causing the premises to be unsafe.

14. As a direct and consequential result of the negligent and/or careless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, including right knee, right ankle, and left hand, all to Plaintiff’s great loss and detriment.

15. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

16. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

17. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

18. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Chelsea Brown, demands judgment in Plaintiff's favor and against Defendant, Walmart Stores East, LP, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

**COUNT II**
**Chelsea Brown v Morgantown Crossings, LP**
**Personal Injury – Negligence**

19. The negligence and/or carelessness of the Defendant, individually, jointly and/or through its agents, servants, franchisees, workmen and/or employees, which was the direct and sole cause of the Plaintiff falling, and the resulting injuries suffered by the Plaintiff, consisted of, but is not limited to, the following:

a. Failure to design, construct, maintain, and/or repair the premises, parking lot, pathways, walkways, and/or other areas on the premises, over which invitees, licensees and/or others are likely to travel, rendering the premises unsafe;

b. Failure to properly monitor, test, inspect or clean the premises, parking lot pathways, walkways, and/or other areas on the premises, to see if there were dangerous or defective conditions to those legally on the premises;

c. Failure to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the premises, parking lot pathways, walkways, and/or other areas on the premises, to such invitees, licensees and/or others legally on the premises;

d. Failure to barricade and/or block-off the defective and/or dangerous area of the premises, parking lot pathways, walkways, and/or other areas on the premises;

e. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises, parking lot pathways, walkways, and/or other areas on the premises;

f. Failure to comply with all building codes, county, township, and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g. Failing to exercise the proper care, custody and control over the aforesaid premises;

h. Failure to inspect, maintain and/or repair known and/or unknown defects; and,

i. Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

j. Failure to repair the premises, parking lot pathways, walkways, and/or other areas on the premises;

k. Failing to prevent, detect, inspect, cure and/or warn of the presence of defective and poorly maintained parking lot pathways, walkways, which the Defendant improperly permitted to exist and remain on the premises;

l. Failing to prevent, detect, inspect, cure and/or warn of the presence of defective and poorly maintained parking lot, so as to cause unreasonable risk of harm to pedestrians on the premises; and

m. Failing to properly and adequately repair the parking lot on the "premises" in accordance with Philadelphia Code, other applicable codes and regulations, the common law, and/or their respective contractual responsibilities.

20. Upon information and belief, Defendant had specific knowledge of an ongoing problem with the parking lot of the premises where Plaintiff fell.

21. The negligence and/or carelessness of the Defendant was the direct and sole cause of the poorly maintained parking lot on the premises, causing the premises to be unsafe.

22. As a direct and consequential result of the negligent and/or careless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, including right knee, right ankle, and left hand, all to Plaintiff's great loss and detriment.

23. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

24. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

25. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

26. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Chelsea Brown, demands judgment in Plaintiff's favor and against Defendant, Morgantown Crossings, LP, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

**COUNT III**
**Chelsea Brown v Wolfson Group Inc.**
**Personal Injury – Negligence**

27. The negligence and/or carelessness of the Defendant, individually, jointly and/or through its agents, servants, franchisees, workmen and/or employees, which was the direct and sole cause of the Plaintiff falling, and the resulting injuries suffered by the Plaintiff, consisted of, but is not limited to, the following:

a. Failure to design, construct, maintain, and/or repair the premises, parking lot, pathways, walkways, and/or other areas on the premises, over which invitees, licensees and/or others are likely to travel, rendering the premises unsafe;

b. Failure to properly monitor, test, inspect or clean the premises, parking lot pathways, walkways, and/or other areas on the premises, to see if there were dangerous or defective conditions to those legally on the premises;

c. Failure to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the premises, parking lot pathways, walkways, and/or other

areas on the premises, to such invitees, licensees and/or others legally on the premises;

d. Failure to barricade and/or block-off the defective and/or dangerous area of the premises, parking lot pathways, walkways, and/or other areas on the premises;

e. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises, parking lot pathways, walkways, and/or other areas on the premises;

f. Failure to comply with all building codes, county, township, and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g. Failing to exercise the proper care, custody and control over the aforesaid premises;

h. Failure to inspect, maintain and/or repair known and/or unknown defects; and,

i. Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

j. Failure to repair the premises, parking lot pathways, walkways, and/or other areas on the premises;

k. Failing to prevent, detect, inspect, cure and/or warn of the presence of defective and poorly maintained parking lot pathways, walkways, which the Defendant improperly permitted to exist and remain on the premises;

l. Failing to prevent, detect, inspect, cure and/or warn of the presence of defective and poorly maintained parking lot, so as to cause unreasonable risk of harm to pedestrians on the premises; and

m. Failing to properly and adequately repair the parking lot on the "premises" in accordance with Philadelphia Code, other applicable codes and regulations, the common law, and/or their respective contractual responsibilities.

28. Upon information and belief, Defendant had specific knowledge of an ongoing problem with the parking lot of the premises where Plaintiff fell.

29. The negligence and/or carelessness of the Defendant was the direct and sole cause of the poorly maintained parking lot on the premises, causing the premises to be unsafe.

30. As a direct and consequential result of the negligent and/or careless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, including right knee, right ankle, and left hand, all to Plaintiff's great loss and detriment.

31. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

32. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

33. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

34. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Chelsea Brown, demands judgment in Plaintiff's favor and against Defendant, Wolfson Group Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

**COUNT V**
**Chelsea Brown v Wolfson Group Holdings, LLC**
**Personal Injury – Negligence**

35. The negligence and/or carelessness of the Defendant, individually, jointly and/or through its agents, servants, franchisees, workmen and/or employees, which was the direct and sole cause of the Plaintiff falling, and the resulting injuries suffered by the Plaintiff, consisted of, but is not limited to, the following:

a. Failure to design, construct, maintain, and/or repair the premises, parking lot, pathways, walkways, and/or other areas on the premises, over which invitees, licensees and/or others are likely to travel, rendering the premises unsafe;

b. Failure to properly monitor, test, inspect or clean the premises, parking lot pathways, walkways, and/or other areas on the premises, to see if there were dangerous or defective conditions to those legally on the premises;

c. Failure to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the premises, parking lot pathways, walkways, and/or other areas on the premises, to such invitees, licensees and/or others legally on the premises;

d. Failure to barricade and/or block-off the defective and/or dangerous area of the premises, parking lot pathways, walkways, and/or other areas on the premises;

e. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises, parking lot pathways, walkways, and/or other areas on the premises;

f. Failure to comply with all building codes, county, township, and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g. Failing to exercise the proper care, custody and control over the aforesaid premises;

h. Failure to inspect, maintain and/or repair known and/or unknown defects; and,

i. Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

j. Failure to repair the premises, parking lot pathways, walkways, and/or other areas on the premises;

k. Failing to prevent, detect, inspect, cure and/or warn of the presence of defective and poorly maintained parking lot pathways, walkways, which the Defendant improperly permitted to exist and remain on the premises;

l. Failing to prevent, detect, inspect, cure and/or warn of the presence of defective and poorly maintained parking lot, so as to cause unreasonable risk of harm to pedestrians on the premises; and

m. Failing to properly and adequately repair the parking lot on the "premises" in accordance with Philadelphia Code, other applicable codes and regulations, the common law, and/or their respective contractual responsibilities.

36. Upon information and belief, Defendant had specific knowledge of an ongoing problem with the parking lot of the premises where Plaintiff fell.

37. The negligence and/or carelessness of the Defendant was the direct and sole cause of the poorly maintained parking lot on the premises, causing the premises to be unsafe.

38. As a direct and consequential result of the negligent and/or careless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, including right knee, right ankle, and left hand, all to Plaintiff's great loss and detriment.

39. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

40. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

41. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

42. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Chelsea Brown, demands judgment in Plaintiff's favor and against Defendant, Wolfson Group Holdings, LLC, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

SIMON & SIMON, P.C.

BY:____________/s__________________
Marc I. Simon, Esquire
Simon & Simon, P.C.
*Attorney for Plaintiffs*

**VERIFICATION**

I, Marc Simon, hereby state that I am attorney for the Plaintiff in the within action and that the facts set forth in this Civil Action Complaint above are true and correct to the best of my knowledge, information and belief.

I understand that the statements in this Verification are made subject to the penalties of 18 U.S.C.A. § 1001 relating to unsworn falsification to authorities.

Marc I. Simon

**VERIFICATION**

I am the Plaintiff this action, and I hereby state that the facts set forth in the foregoing pleading are true and correct to the best of my knowledge, information and belief. I understand that this Verification is subject to 18 Pa.C.S. § 4904 providing for criminal penalties for unsworn falsification to authorities.

DocuSigned by:
CB
33CF6E419DC6425...